IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BAKARR BANGURA                  :    CIVIL ACTION
                                :
            v.                  :
                                :
                                :
PA SOCIAL SERVICES UNION –      :
SEIU 668                        :    NO. 12-3110


MEMORANDUM

McLaughlin, J.                              December 19, 2012


        This lawsuit involves a claim by a plaintiff union member

against his union for breach of the duty of fair representation.

Bakarr Bangura alleges that his union improperly failed to take

his grievance against his employer to arbitration.  The

defendant, PA Social Services Union - SEIU 668, has moved to

dismiss the amended complaint, and the pro se plaintiff

submitted a "motion for a hearing" that the Court will consider

as part of his complaint.

        Federal jurisdiction is properly derived from the federal

question of a union's duty of fair representation.  <u>Vadino v. A.

Valey Eng'rs</u>, 903 F.2d 253, 260-61 (3d Cir. 1990).  The Court

will grant the defendant's motion.

I.   <u>Factual Background</u>[1]

Mr. Bakarr Bangura was employed by Elwyn, Inc. for approximately 3 years in the capacity of community living assistant.  Mr. Bangura was terminated from his position due to an incident on or around September 10, 2008 involving the alleged neglect of a client.  Am. Compl. at 4 (Docket No. 5).

On or around September 10, 2008, Mr. Bangura worked an overnight shift in the employer's Thornbury program.  In the morning, as his shift neared its end, Mr. Bangura completed the remainder of his duties, which included making breakfast, and dressing and preparing two of the clients for their day programs.  Mr. Bangura did not prepare the third client because a colleague was ordinarily responsible for that client.  Because the colleague failed to prepare that client on that particular day, the client was not ready for his day program when the school bus arrived.  Mr. Bangura, with the assistance of a non-employee, cleaned and dressed the client, and the client was

---

[1] The Court accepts all well-pleaded facts in the amended complaint as true and draws all reasonable inferences in favor of the non-moving party, while disregarding any legal conclusions.  <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-11 (3d Cir. 2009).  In light of the plaintiff's pro se status, the Court also draws upon statements made by the plaintiff in his "motion for hearing" and in an oral argument held on December 18, 2012.  <u>E.g.</u>, <u>Higgins v. Beyer</u>, 293 F.3d 683, 688 (3d Cir. 2002).

able to board the bus on time.  However, Elwyn management found that Mr. Bangura's actions violated its work rules.  Mr. Bangura was placed under suspension and eventually terminated.  <u>Id.</u> at 4; Notes from Hearing, Dec. 18, 2012, at 1-2 ("N.H. 12/18/12").

Following his termination, Mr. Bangura filed a grievance with the Equal Employment Opportunity Commission (EEOC) against his employer, Elwyn.  He received an EEOC Notice of Right to Sue letter on October 26, 2010.  Five months later, he commenced an action in federal court against Elwyn.[2]  Compl., <u>Bangura v. Elwyn, Inc.</u>, 11-2793, May 2, 2011 (Docket No. 3).  Mr. Bangura states that in the course of that lawsuit, Elwyn expressed a willingness to negotiate with him and gave at least one settlement offer, which he rejected.  N.H. 12/18/12 at 1.

Mr. Bangura is a dues-paying member of the PA Social Services Union-SEIU 668.  After his termination, he notified SEIU 668 of the events that took place.  The union helped Mr. Bangura file an internal discipline grievance against the employer.  Am. Compl. at 12 (exh. at 1).  On April 24, 2009, the union sent another correspondence to Mr. Bangura, enclosing the employer's response to the grievance and asking Mr. Bangura to

---

[2] That case, also filed in the Eastern District of Pennsylvania, was dismissed for lack of subject-matter jurisdiction and did not reach the merits stage.  <u>Bangura v. Elwyn, Inc.</u>, 11-2793, 2012 WL 2120568, at *1 (E.D. Pa. June 12, 2012).

supply information supporting his position.  <u>Id.</u> at 13 (exh. at 2).  Mr. Bangura continued to give SEIU 668 updates on his case against Elwyn, including the fact that Elwyn expressed a willingness to settle in the related case.  <u>Id.</u> at 4.

On September 21, 2010, SEIU 668 informed Mr. Bangura that it had decided not to arbitrate his grievance.  It stated that his "termination was in accordance with Elwyn's Neglect of a Client Policy, which is a major offense," and that there was "insufficient evidence of a contract violation."  <u>Id.</u> at 14 (exh. at 3).  The correspondence informed Mr. Bangura of his right to appeal, and a hearing in front of the Statewide Grievance Appeal Committee was scheduled for November 13, 2010.

In a letter addressed to Mr. Bangura dated April 12, 2011, the chair of the statewide committee stated that it concurred with the union's decision not to pursue the grievance. This letter was mailed via certified mail, return receipt requested.  Def. Mot. to Dismiss at exh. C-D.  Mr. Bangura received and signed the return receipt on or around April 15, 2011.  N.H. 12/18/12 at 3.

II.  <u>Procedural History</u>

Mr. Bangura first filed an application to proceed in forma pauperis in the instant case on June 1, 2012.  The Court

4

denied the application, but granted him 30 days to file an amended application. The plaintiff's amended application was granted on July 2, 2012,[3] and he filed an amended complaint on July 18, 2012.

The amended complaint asserts three possible bases for federal question: 1) the union's failure to protect the rights of a registered member; 2) the union's failure to provide support, both financial and therapeutic; and 3) the union's failure to arbitrate a grievance against the employer. Am. Compl. at 2. Mr. Bangura later clarified that his claim derives from the union's "failure without any just course to meet its obligation to provide service to a member to participate in a mandatory grievance arbitration" pursuant to the National Labor Relations Act or Wagner Act of 1935 or collective bargaining. Pl. Mot. for Hearing at 1 (Docket No. 10).

In lieu of an answer, the defendant filed a motion to dismiss on November 13, 2012. Def. Mot. to Dismiss (Docket No. 9). The plaintiff then filed a motion for a hearing, and included facts which have been incorporated above. The Court held oral argument on December 18, 2012.

---

[3] The Court's order also required that the plaintiff's amended complaint state the "specific statutory basis for federal court jurisdiction over this case," as well as "clearly state how and when the defendants caused him harm." Docket No. 4.

III. <u>Analysis</u>

   The defendant has put forth two reasons why the plaintiff's claim should be dismissed.  First, it argues that the plaintiff has failed to state a claim as required under Fed. R. Civ. P. 12(b)(6).  Second, the defendant argues that because this particular action has a six-month statute of limitations, the plaintiff's claim is time-barred.  The Court agrees with both arguments.  It proceeds in reverse order.


   a. <u>Hybrid Claims and Statute of Limitations</u>

   The plaintiff's claim[4] consists of intertwined claims of breach of duty of fair representation and violations of § 301 of the Labor Management Relations Act; this is commonly known as a hybrid suit.  A traditional hybrid claim is a "suit against both the employer and the union, notwithstanding the outcome or finality of the grievance or arbitration proceeding."  <u>DelCostello v. Int'l Bhd. of Teamsters</u>, 462 U.S. 151, 164 (1983).  The Supreme Court in <u>DelCostello</u> held that hybrid claims have a six-month statute of limitations.  <u>Id.</u> at 173.  The limitations period commences "when the claimant discovers,

_____

[4] Although the pro se plaintiff does not use this vocabulary, the Court shall "apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name."  <u>Dluhos v. Strasberg</u>, 321 F.3d 365, 369 (3d Cir. 2003).

or in the exercise of reasonable diligence should have discovered, the acts consulting the alleged violation." Podobnik v. U.S. Postal Serv., 409 F.3d 584, 593 (3d Cir. 2005) (internal citations omitted).

Instead of suing both the employer and the union in the same lawsuit, Mr. Bangura has sued the employer in a separate action and has sued only the union in the instant case. The Third Circuit has held that "atypical" cases where the employee has sued only his employer are still subject to the DelCostello statute of limitations. Albright v. Virtue, 273 F.3d 564, 576 (3d Cir. 2001), referring to Vadino v. A. Valey Eng'rs, 903 F.2d 253 (3d Cir. 1990). Suits filed against the union only are presumably subject to the same statute of limitations, as well. See, e.g., Hernandez v. United Steel Workers Ass'n, No. 10-1350, 2010 WL 5092979, at *9-10 (M.D. Pa. Dec. 8, 2010) (analyzing a case against a union only as a hybrid suit); cf. Breininger v. Sheet Metal Workers Internat'l Ass'n Local Union No. 6, 493 U.S. 67, 79-80 (1989) (holding that there is federal jurisdiction over a claim of breach of duty of fair representation, "as part of federal labor law," in a suit against the union only).

The Court finds that Mr. Bangura's claim is time-barred. The Statewide Grievance Appeal Committee, on behalf of SEIU 668, sent Mr. Bangura a letter on April 12, 2011, informing him that

his appeal had been denied, that it would not arbitrate his grievance, and that it was closing his file. Def. Mot. at exh. C. The letter was mailed via certified mail, return receipt requested, and the plaintiff signed the return receipt on or around April 15, 2011. Id. at exh. D. The plaintiff did not commence his action until June 1, 2012, over a year later, well after the six-month statute of limitations.

> b. <u>Failure to State a Claim</u>

The defendant has also moved to dismiss the amended complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). A cause of action under the federal labor law of duty of fair representation must state grounds which demonstrate that the union's conduct was arbitrary, discriminatory, or in bad faith. <u>Vaca v. Sipes</u>, 386 U.S. 171, 190 (1967). However, as the Third Circuit has stated, "The mere refusal of a union to take a complaint to arbitration does not establish a breach of duty, even if the member's claim was meritorious." <u>Findley v. Jones Motor Freight</u>, 639 F.2d 953, 958 (3d Cir. 1981) (internal citations omitted). Instead, "proof of arbitrary or bad faith union conduct in deciding not to proceed with the grievance is necessary to establish lack of compliance with the fair representation." <u>Id.</u>

The Court is not persuaded by the arguments set forth by Mr. Bangura. Although Mr. Bangura states that the defendant's actions were deceitful and unfair, he does not allege facts which "raise a right to relief above the speculative level." Victaulic Co. v. Tieman, 499 F.3d 227, 235 (3d Cir. 2007). Even though Elywn had been willing to settle with the plaintiff in the related case, and had been willing to attend an arbitration with Mr. Bangura, Elwyn's actions do not demonstrate arbitrariness, discrimination, or bad faith on the part of SEIU 668, as required in this lawsuit. There are many reasons why Elwyn might have opted to pursue settlement negotiations with Mr. Bangura that are irrelevant to SEIU 668's understanding and analysis of the situation. Elwyn's actions are insufficient indicators of SEIU 668's bad faith.

A union is not obligated to bring to arbitration any and all claims of a dues-paying member. When, as here, the record reflects that the union has conducted its own investigation and has decided that the likelihood of winning is low, and there is no additional evidence of arbitrariness, discrimination, or bad faith, then the plaintiff has not set forth a claim of breach of duty of fair representation.

The remaining issue in front of this Court is whether to grant leave for the plaintiff to file a second amended complaint.  Under Fed. R. Civ. P. 15(a), leave to amend "shall be freely given when justice so requires."  However, a district court may refuse to grant a leave to amend if such an amendment would be futile.  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  The Court finds such futility of amendment here.  Because the plaintiff received notice of the union's final decision in April 2011, but did not commence this action until June 2012, the defendant's claim is time-barred in a manner that an amended complaint would be unable to cure.

An appropriate order shall issue separately.